UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JPMorgan Chase Bank, | |
| Plaintiff, | No. 22 C 04401 |
| v. | Judge Thomas M. Durkin |
| Renee A. Washington, Chicago Title Land Trust Company, and Unknown Owners and Nonrecord Claimants, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Notice of Removal filed by Renee A. Washington on August 18, 2022. *See* R. 1. The Notice of Removal seeks removal of a mortgage foreclosure case brought by JPMorgan Chase ("Chase") against Washington in the Circuit Court of Cook County, Case No. 2019 CH 09659 (the "Foreclosure Case").[1] For the reasons that follow, the Court grants Chase's Motion to Remand. R. 19.

## DISCUSSION

Washington's Foreclosure Case is not removable to this Court. "[T]he party seeking to invoke federal jurisdiction," in this case, Washington, "bears the burden of demonstrating that removal is proper." *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524,

---

[1] Renee A. Washington is the defendant in the mortgage foreclosure case, but she mistakenly styles herself as the plaintiff in this removed lawsuit.

1

529 (7th Cir. 2004). "Removal is proper if it is based on statutorily permissible grounds, and if it is timely." *Id.* (citing 28 U.S.C. § 1441 and § 1446).

Section 1441 states that cases may be removed when the district court has original jurisdiction or when diversity jurisdiction exists. District courts have original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Notice of Removal itself does not allege a basis for jurisdiction, however, Washington attached a document titled "42 U.S.C. Code Sec. 1983 Civil Action Claim." R. 1. Washington's response to the instant motion implies that the Court has jurisdiction because *her* claims laid out in this document arise under the United States Constitution and 42 U.S.C. § 1983, a federal law.[2] R. 1 at 33. Removal under Section 1441(a), however, asks whether the underlying civil action could have originally been filed in federal court. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019) (Section 1441(a) "does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action."). Washington's claims, thus, are irrelevant to this Court's jurisdiction over the Foreclosure Case.

The Foreclosure Case arises under the Illinois Mortgage Foreclosure Law, 735 ILCS 5/15-1101, *et seq.*, and does not arise under the Constitution, laws, or treaties of the United States. Thus, this Court does not have original jurisdiction, and removal pursuant to 1441(a) is improper. *See Silverleaf Funding, LLC v. Home Electronics*

---

[2] Even though it purports to state separate claims against individuals who are not parties to the original foreclosure case, the document filed by Washington is most accurately described as an improperly filed counterclaim. *See* Fed. R. Civ. P. 13.

*Solutions, Inc.*, No. 15 C 04443, 2015 U.S. Dist. LEXIS 189192, at *1 (N.D. Ill. June 10, 2015) (remanding a foreclosure case because the district court lacked original jurisdiction and could not determine whether diversity jurisdiction existed).

Washington does not allege that this Court has diversity jurisdiction over the parties. Even so, removal pursuant to Section 1441(b) is not proper. First, Washington does not state the citizenship of the parties in her Notice of Removal. And second, removal would likely violate the "forum defendant rule," as described by Chase in its Motion to Remand.

The Court also remands this case because Washington did not file it within thirty days after the date of service in the Foreclosure Case, as required by 28 U.S.C. § 1446(b)(1). Chase served Washington with the summons and complaint in the Foreclosure Case on September 17, 2019. R. 19-2. Washington had until October 17, 2019 to remove the Foreclosure Case, but she did not do so until August 18, 2022, nearly three years later. She has also not provided any good cause which would provide a basis for granting her leave to file at a later time. 28 U.S.C. § 1455(b)(1). The Notice of Removal is therefore untimely.

To the extent that Washington wishes to raise federal claims in federal court against the actors named in the "Civil Action" document, the appropriate action would be to file a separate federal lawsuit. Before filing any complaint in this Court, Washington is strongly advised to obtain legal counsel or to seek the assistance of the

3

Court's *Pro Se* Help Desk.[3] Ms. Washington is further cautioned that frivolous filings may subject her to sanctions. *See* Fed. R. Civ. P. 11.[4]

## CONCLUSION

For the foregoing reasons, this case is remanded back to the Circuit Court of Cook County.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: November 23, 2022

---

[3] *See* Hibbler *Pro Se* Federal Court Help Desk, https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_prose/Hibbler%20Client%20Flyer.pdf.

[4] The Court warns Washington if she intends to file a separate federal lawsuit, that a civil complaint naming the defendants in this case would be dismissed by the Court, at least in its current form, for a few reasons. For example, a party may not make a § 1983 claim against a non-state actor who does not exercise governmental power. *Johnson v. LaRabida Children's Hosp.*, 372 F.3d 894, 896 (7th Cir. 2004). And insofar as Washington names numerous defendants who are judges and other court personnel, they would be entitled to absolute judicial and quasi-judicial immunity. *Killinger v. Johnson,* 389 F.3d 765, 770 (7th Cir. 2004).

4